IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION



MELISSA L. COBB, LEGAL HEIRS
AND NEXT FRIENDS OF JOSEPH LEE, DECEASED
FOR AND ON BEHALF OF THEMSELVES
AND ALL OTHER WRONGFUL DEATH
BENEFICIARIES OF JOSEPH LEE, DECEASED        PLAINTIFFS

VS.                          CAUSE NO. 3:20cv61-CWR-LRA

AKCA, INC. AND LUIS RIVERA
AND JOHN DOE(S) 1-5 AND JOHN DOE ENTITY(IES) 1-5        DEFENDANTS

## COMPLAINT

**COME NOW**, Plaintiffs, Melissa L. Cobb, legal heirs and next friends of Joseph Lee, Deceased, for and on behalf of themselves and all other wrongful death beneficiaries of Joseph Lee, Deceased, and file this their Complaint for wrongful death and other damages against the Defendants, AKCA, Inc.; Luis Rivera; John Doe(s) 1-5; and John Doe Entity(ies), and in support thereof, would show unto this Honorable Court the following, to-wit:

### I. Parties

1.

The Plaintiff, Melissa L. Cobb is adult resident citizen of Winston County, Mississippi, who resides at 4107 Zion Ridge Road, Louisville, Mississippi 39339, and is a legal heir-at-law of Joseph Lee, Deceased.

2.

The Plaintiff, Joseph Lee, Deceased, was an adult resident citizen of, Newton County, Mississippi having his residence located at 310 Edgar Capers Road, Conehatta, Mississippi 39057.

3.

The Defendant, AKCA, Inc., is a foreign company incorporated under the laws of Ohio with its principal place of business in Florida. AKCA Inc., is authorized to do and is doing business in the state of Mississippi, and may be served with process through its registered agent for service of process, C.T. Corporation System, 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232, or wherever they may be found.

4.

The Defendant, Luis Rivera, is an adult resident citizen of Hillsborough County, Florida whose address is 118 Hunter Road, Valrico, Florida 33594. Defendant, Luis Rivera, may be served with process of this Court pursuant to the Mississippi Rules of Civil Procedure, since he was using the roads of the State of Mississippi, and a result thereof, this Court has jurisdiction over him, and he is subject to service of process under the long arm statute. Further, the Defendant, Luis Rivera, has committed a tort in whole or in part in the State of Mississippi and, by virtue thereof, may be served with process of this Court pursuant to the Mississippi Rules of Civil Procedure, Defendant, Luis Rivera, may be served with process of this Court at his address 118 Hunter Road, Valrico, Florida 33594.

5.

The Defendants, John Doe(s) 1-5 are any unknown person(s) who may have been responsible for or who may have contributed to the negligence alleged herein. They may be added as Defendants when their identities become known.

6.

The Defendants, John Doe(s) Entity (ies) 1-5 are any unknown entity(ies) who may have

been responsible for or who may have contributed to the negligence alleged herein. They may be added as Defendants when their identities become known.

## II.     Jurisdiction and Venue

7.

That Plaintiffs demand a judgment in an amount that exceeds $75,000; that complete diversity citizenship exists between the named Plaintiff and the named Defendants; that this cause of action occurred or accrued in the Southern District of Mississippi, Northern Division; and for the reasons stated, pursuant to the provisions of the United States Code, this court has jurisdiction.

8.

That venue is proper in this Court pursuant to 28 U.S.C. § 1391, in that a substantial part of the events or omissions giving rise to the claim occurred in this district and division.

## III.    Basic Facts Giving Rise to Claim for Relief

9.

That on or about September 20, 2017, at approximately 2:57a.m., the decedent Joseph Lee was operating a white 2011 Mack GU7 truck on Interstate 20 in in the center lane in a western direction in Rankin County, Mississippi, in a careful and prudent manner.

10.

That on the same date and at the same time as hereinabove mentioned, Defendant, Luis Rivera was operating a white 2005 Sterling Acterra truck, owned by Defendant, AKCA, Inc., in a western direction on the same roadway in the center lane at approximately 5 miles per hour Plaintiff's vehicle, unable to suddenly stop or reduce speed to 5 miles per hour, collided with the rear end of Defendant's extremely slow moving vehicle  causing Plaintiff's vehicle to collide

with a concrete barrier, overturn and land on side of the road. Because of the catastrophic injuries from the accident, the decedent, Joseph Lee, was pronounced dead shortly thereafter.

### IV.  Negligence

The AKCA, Inc., owed Plaintiff the following duties:

11.

Defendant, AKCA, Inc. owed the duty to provide proper signage for the work area and failed to have proper signage for the upcoming work zone to adequately warn approaching vehicles.

12.

Defendant, AKCA, Inc. owed the duty to have proper lighting and failed to have proper lighting for the work zone to adequately warn approaching vehicles.

13.

Defendant, AKCA, Inc. owed the duty to provide adequate warnings and failed to provide adequate warning of the work zone to adequately warn approaching vehicles.

14.

As a direct and proximate result of the Defendants' negligent and/or gross negligent conduct, Joseph Lee, deceased, suffered fatal injuries in a motor vehicle wreck.

15.

That all the material times alleged herein, Defendant, Luis Rivera, was acting as an employee and agent of Defendant, AKCA, Inc.; that Defendant, Luis Rivera, was acting within the scope and his authority and as such in the furtherance of the business of Defendant, AKCA, Inc.; and that all acts of negligence of the said Defendant, Luis Rivera were and are imputed to Defendant, AKCA, Inc.

16.

Defendant, Luis Rivera, was acting as an employee and agent of Defendant, AKCA, Inc. and that Defendant, Luis Rivera owed Plaintiff the following duties:

17.

The duty to have kept such lookout as an ordinary and prudent person would have kept for his or her safety and the safety of other persons under the conditions existing immediately before and at the time and place of said collision;

18.

The duty to maintain proper control of his motor vehicle at all times and thus avoid injuring others or damaging their property;

19.

The duty to have made a reasonable effort to have operated his vehicle in a manner that would not have caused his motor vehicle to strike the automobile which Plaintiff was operating at the time of the collision;

20.

The duty not to have operated his motor vehicle in a careless manner under the conditions existing immediately before and at the time and place of said collision; and

21.

The duty to have operated his motor vehicle under the circumstances in a manner in which his motor vehicle would not cause injury to others or damage their property.

## V. Damages

16.

As a direct and proximate result of the above described accident Defendants, AKCA,

Inc.; Luis Rivera; John Doe(s) 1-5; and John Doe Entity(ies) and such other parties as may hereinafter be found to be liable, Joseph Lee, deceased, developed and suffered severe, painful and fatal maladies and conditions, and on account of the same, Joseph Lee, deceased, would have been entitled to recover damages, had he not died. As a result, pursuant to section 11-7-13 of the Mississippi Code of 1972 Annotated (as amended), Plaintiffs are entitled to recover and hereby request from the Defendants the damages which Joseph Lee, deceased, would have been entitled to recover, had he not died on September 20, 2017.

17.

As a further direct and proximate result of the above described acts/omissions of Defendants, Joseph Lee, deceased, prior to his death, suffered and experienced excruciating pain, suffering, mental anguish and agony; and on account of the same, Joseph Lee, deceased, would have been entitled to recover damages, had he not died. As a result, pursuant to Mississippi Code section 11-7-13 (as amended), Plaintiffs are entitled to recover and hereby request from Defendants the damages which Joseph Lee, deceased would have been entitled to recover, had he not died on September 20, 2017.

18.

Plaintiffs are entitled to recover damages on account of the following, all of which are the direct and proximate result of the above described acts/omissions of Defendants:

    (a)    Said injuries, maladies, conditions, damages, losses, pain, suffering, and mental anguish and agony sustained by Joseph Lee, deceased prior to his death, as more particularly described herein above;

    (b)    Said great losses and damages sustained by the heirs of the deceased, on account of the death of Joseph Lee;

    (c)    The sum which Joseph Lee, deceased, might have received if he had not

       died;

(d)      The loss of the enjoyment of life of Joseph Lee, deceased;

(e)      Loss of love, society and companionship of Joseph Lee to his heirs.

19.

As a direct and proximate result of the above described acts/omissions of Defendants which proximately caused the physical maladies and conditions of Joseph Lee, deceased, as described herein above, and the death of Joseph Lee estate administration costs and funeral and burial expenses were incurred. The expenses were reasonable and necessary, and incurred as a direct and proximate result of the above described acts/omissions of Defendants.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff demands a judgment against the Defendant(s) in an amount within the jurisdictional limits of this Court to be determined at the trial of this cause plus interest from the date of the filing of the original Complaint and all costs of Court. **Jury Trial Demanded**

RESPECTFULLY SUBMITTED this, the 24th day of January, 2020.

          MELISSA L. COBB, LEGAL HEIRS
          AND NEXT FRIENDS OF JOSEPH LEE, DECEASED
          FOR AND ON BEHALF OF THEMSELVES
          AND ALL OTHER WRONGFUL DEATH
          BENEFICIARIES OF JOSEPH LEE, DECEASED,
          PLAINTIFFS

BY: _____
      RAJU AUNDRÉ BRANSON (MSB #99950)

OF COUNSEL:

Schwartz & Associates, P.A.
162 East Amite Street (39201)
Post Office Box 3949
Jackson, Mississippi 39207-3949
Phone: 601-988-8888
Fax: 601-948-3822