IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MELISSA L. COBB, et al.**                                                          **PLAINTIFFS**

**V.**                                       **CAUSE NO. 3:20-CV-61-CWR-LGI**

**ASSOCIATED GENERAL**                                      **DEFENDANTS**
**CONTRACTORS OF MISSISSIPPI, INC.;**
**AKCA, INC.; LUIS RIVERA**

**ORDER**

Before the Court are the parties' consolidated motions in limine. Docket Nos. 61 and 63. The matters are fully briefed and ready for adjudication.

**I.      Factual and Procedural History**

This case concerns a deadly car accident. Plaintiff alleges that just before 3:00 a.m. on September 20, 2017, Joseph Lee was driving west in the center lane on Interstate 20 in Rankin County, Mississippi. At that time, Luis Rivera was driving in the same lane as Lee in a vehicle owned by his employer, Associated General Contractors of Mississippi (AKCA), Inc. Plaintiff claims that Rivera was driving at five miles per hour.

Unable to reduce his speed or stop his vehicle, plaintiff claims, Lee collided with the rear end of defendants' truck. This caused Lee's vehicle to crash into a concrete barrier, resulting in his car overturning on the side of the road. Lee was pronounced dead from his injuries shortly thereafter.

On January 31, 2020, Melissa L. Cobb, Lee's legal heir, filed this lawsuit. In her complaint, she sought damages on behalf of herself, the decedent, and the decedent's legal heirs and next friends.

The parties filed consolidated cross-motions in limine on June 25, 2021. Docket Nos. 61 and 63. A jury trial is currently set for the two-week term of court commencing on August 1, 2022.

## II.   Legal Standard

> A motion in limine is a motion made prior to trial for the purpose of prohibiting opposing counsel from mentioning the existence of, alluding to, or offering evidence on matters so highly prejudicial to the moving party that a timely motion to strike or an instruction by the court to the jury to disregard the offending matter cannot overcome its prejudicial influence on the jurors' minds.

*O'Rear v. Fruehauf Corp.*, 554 F.2d 1304, 1306 n.1 (5th Cir. 1977) (quoting *Commentary, The Motion in Limine: Pretrial Trump Card in Civil Litigation*, 27 U. Fla. L. Rev. 531 (1975)). "Evidence should not be excluded in limine unless it is clearly inadmissible on all potential grounds." *Fair v. Allen*, No. 09-2018, 2011 WL 830291 (W.D. La. Mar. 3, 2011) (citations omitted); *see also Harkness v. Bauhaus U.S.A., Inc.*, No. 3:13-CV-129-DMB-SAA, 2015 WL 631512 at *1 (N.D. Miss. Feb. 13, 2015). "The purpose of motions in limine is not to re-iterate matters which are set forth elsewhere in the Rules of Civil Procedure or Rules of Evidence, but, rather, to identify specific issues which are likely to arise at trial, and which, due to their complexity or potentially prejudicial nature, are best addressed in the context of a motion in limine." *Maggette v. BL Development Corp.*, Nos. 2:07-CV-181-M-A, 2:07-CV-182-M-A, 2011 WL 2134578 at *4 (N.D. Miss. May 27, 2011) (italics omitted).

## III.   Discussion

### A.   Luis Rivera's Drug Results and Potential Impairment

Defendants first argue for the exclusion of Rivera's drug test, urging that "[e]ven if this Court determines that Rivera's drug test results are relevant, the unfair prejudicial effect of the results outweighs the probative value pursuant to Fed. R. Evid. 403." Docket No. 62 at 4. Specifically, defendants contend that "evidence of drug use is highly prejudicial." *Id.* at 4 (citing

*Goode v. City of Southaven*, No. 3:17-CV-60, 2019 WL 1100556, at *1 and *United States v. Vizcarra-Martinez*, 66 F. 3d 1006, 1017 (9th Cir. 1995)). And, defendants emphasize, "no correlation has ever been established between Lee's death and the presence of drugs in Rivera's system after the subject accident." *Id.* Lack of expert witness testimony or documentary evidence linking the presence of drugs in Rivera's system to the accident, the defendants claim, weighs against admitting the drug test. *Id.*

Plaintiff counters that Rivera's drug test is relevant, as it bears on "both AKCA Inc. and Luis Rivera following the safety protocols of AKCA Inc.," which prohibit drug use on the job. Docket No. 66 at 3. Further, the plaintiff theorizes that "the violation of safety protocols caused this fatal wreck." *Id.* Contrary to defendants' assertion, plaintiff argues that admission of Rivera's drug test does not necessitate expert testimony, as "[i]t is a factual jury question of whether intoxication and proximate cause appears from the evidence." *Id.* (citing *Allen v. Banks*, 384 So.2d 64, 67 (Miss. 1980)). Finally plaintiff stresses that she "has designated witnesses concerning AKCA[']s failure to comply with the safety protocols for both AKCA and the applicable regulations involving this incident." *Id.* at 4. These factors together, plaintiff urges, weigh in favor of admissibility.

The Court declines to grant the defendants' request. Upon review, the probative value of the drug test evidence outweighs the potential prejudice. *See Ballou v. Henri Studios, Inc.*, 656 F.2d 1147, 1155 (5th Cir. 1981) (noting that evidence of the plaintiff's intoxication was "highly relevant to and probative of one of the ultimate questions before the jury," and finding that "the slight potential for unfair prejudice is virtually insignificant when compared with the high relevance and probative value of the evidence"); *see also Abrams v. Marlin Firearms Co.*, 838 So. 2d 975, 980 (Miss. 2003) (finding that "[e]vidence of possible alcohol consumption just prior to

3

the accident was highly relevant and probative as to Abrams' credibility, his collection of the accident since there were no other witnesses, and his contributory negligence"). Accordingly, this portion of the motion is denied.

### B. Liability Insurance

Defendants move to exclude evidence of AKCA's liability insurance. In accordance with Federal Rule of Evidence 411, the Court will prohibit evidence that AKCA was insured if it is introduced "to prove whether the person [AKCA] acted negligently or otherwise wrongfully"; however, the plaintiff may move to "admit this evidence for another purpose, such as proving a witness's bias or prejudice or proving agency, ownership, or control." Fed. R. Evid. 411.[1]

### C. Ability to Satisfy a Judgment; Settlement Negotiation; Golden Rule Arguments; Derogatory Comments; Medical Opinions of Non-Testifying Doctors; Legal Conclusions; "Take Responsibility" Arguments; "Send a Message" Arguments and Appeals; Other Unrelated Accidents, Incidents, Occurrences, or Conduct by AKCA, Inc. and/ or its Employees

Next, the defendants move to exclude evidence regarding AKCA's ability to satisfy a judgment, evidence of settlement negotiations, golden rule arguments, derogatory comments, medical opinions of non-testifying doctors, legal conclusions, "take responsibility" arguments, "send a message" arguments, and other unrelated accidents, incidence, occurrences, or conduct by AKCA, Inc., and/or its employees.

Plaintiff does not object to the defendants' motion on these points, except insofar as she asks "for the Court to allow comments in the event the Defendant, Defendant's attorney or its witnesses, 'opens the door' to [these] issue[s]." Docket No. 66 at 5.

---

[1] If counsel believes that the door has been opened for testimony justifying evidence of liability insurance, he shall first take it up with the Court outside of the presence of the jury.

The parties' points on these issues are well-taken. Thus, the Court will exclude evidence regarding the aforementioned topics, except insofar as the defendants "open the door" to these issues, in which case, the plaintiff may respond.

### D. Testimony Not Based on Personal Knowledge

Defendants also raise hearsay concerns. Specifically, they contend that plaintiff "should not be permitted to testify as to the state of mind of Lee and/or AKCA or any of its present and former employees on what Lee or AKCA and its employees were thinking or did during and leading up to the subject accident." Docket No. 62 at 7.

In her response, the plaintiff advises that she "has no objection to testimonial evidence being presented at trial pursuant to the Federal Rules of Civil Procedure and the Federal Rules of Evidence." Docket No. 66 at 6. She cautions, though, that she objects to any section of the defendants' motion that tries "to limit those Rules." *Id.*

The Court is bound to follow the Federal Rules of Evidence. It will, of course, abide by the Federal Rules of Evidence that govern hearsay. *See* Fed. R. Evid. 801-807. To the extent that the parties object to admission of specific lines of testimony on hearsay grounds, they may enter their objections into the record at trial, and the Court will rule on them at that time. For present purposes, the Court denies this request.

### E. Emotional Outbursts

AKCA seeks to prohibit the plaintiff, her counsel, and her witnesses from engaging in "emotional outbursts before the jury, specifically crying or other related behaviors." Docket No. 62 at 7. It stresses that "[s]uch conduct could sway the jury to act out of pity, sympathy, emotion and/or disbelief, rather than returning a just verdict according to the facts of the case and the governing law." *Id.* at 7.

Plaintiff responds "that there may be some emotional testimony concerning the life and death of Joseph Lee," as the case "is a wrongful death action wherein the heirs of Joseph Lee lost their father." Docket No. 66 at 6.

The Court will deny defendants' request. This is a wrongful death action. A man lost his life. His loved one filed this lawsuit. The heirs lost their father. They are human beings, not robots. The Federal Rules of Evidence do not outright proscribe crying, and neither will this Court. The Court declines to issue a blanket prospective prohibition on tears during the trial of this matter.

### F. Mistrial

Defendants further urge the Court to order that *any* violation of these instructions *may* constitute contempt and necessitate a mistrial. Plaintiff responds that this motion is premature.

The Court agrees with the plaintiff. At trial, the Court may determine that a violation does not justify a finding that a mistrial is the proper or only cure. A simple admonition may be appropriate. The Court will exercise its discretion appropriately. The Court denies defendants' motion on this point.

### G. Prior Lawsuits

AKCA also seeks to prevent introduction of "evidence testimony and/or documents pertaining to prior lawsuits against AKCA." Docket No. 62 at 8. Defendants urge that "[s]uch evidence would be irrelevant, immaterial and highly prejudicial to AKCA and should not be admitted." *Id.*

Plaintiff contests this request. She argues that "[p]rior lawsuits that are relevant to issues in this case should be allowed." Docket No. 66 at 7. In the alternative, she proposes that the

admissibility of a prior lawsuit "should be determined by this court at the time it is presented to be placed into evidence." *Id.* at 7.

The Court finds the latter course of action prudent. Accordingly, it will deny defendants' request regarding exclusion of prior lawsuits at this time.

### H.  Plaintiff's Motion in Limine

Finally, the Court turns to the plaintiff's motion in limine. Plaintiff filed this motion on June 25, 2021. As a threshold matter, the Court notes that defendants' response to this motion was due seven days after plaintiff filed the motion, a deadline that passed many months ago. Indeed, as of the date of this Order, defendants failed to file any response. Thus, plaintiff's motion is uncontested.

In her motion, plaintiff asks the Court to exclude information regarding the tax consequences of a potential damages award; the date that plaintiff retained counsel; whether plaintiff's counsel advertises his services; plaintiff's prior lawsuits or settlements; plaintiff's involvement in any other accidents, including injuries or illnesses resultant from the accidents; any suggestion or implication that the plaintiff filed motions to exclude proof from the jury; and that any document not produced during discovery is inadmissible as evidence.

Plaintiff fails to point to anything in the record indicating that the defendants intend to raise these issues during trial. Additional facts are required to justify the exclusions sought by the plaintiff. *See Kelly v. Patel*, No. 1:20-CV-01291, 2021 WL 2460560 at *1 (W.D. La. June 16, 2021) ("Evidence should not be excluded through a motion in limine unless it is clearly inadmissible on all potential grounds.") (citations omitted). Plaintiff's motion fails to establish that evidence pertaining to the aforementioned topics is inadmissible on all grounds. As such, a ruling on these

issues is inappropriate, notwithstanding the defendants' failure to contest the plaintiff's motion. The Court will deny the motion without prejudice to a timely objection made at trial.

## IV.     Conclusion

For the reasons stated above, the Court grants in part and denies in part the defendants' motion in limine and denies the plaintiff's motion in limine.

**SO ORDERED**, this the 28th day of January, 2021.

s/ Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE