

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI

FILED

Sep 21 2022

ARTHUR JOHNSTON, CLERK
By: _____, Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**MELISSA L. COBB, LEGAL HEIRS AND
NEXT FRIENDS OF JOSEPH LEE,
DECEASED FOR AND ON BEHALF
OF THEMSELVES AND ALL OTHER
WRONGFUL DEATH BENEFICIARIES
OF JOSEPH LEE, DECEASED,**                                                                          **PLAINTIFF**

**V.**                                       **CIVIL ACTION NO.: 3:20-cv-00061-CWR-LGI**

**AKCA, INC AND LUIS RIVERA AND
JOHN DOE(S)1-5 AND JOHN DOE
ENTITY(IES) 1-5,**                                                                                                       **DEFENDANTS**

**AND**

**ASSOCIATED GENERAL CONTRACTORS OF MISSISSIPPI**                    **INTERVENOR**

## ORDER GRANTING APPROVAL OF THIRD PARTY
## AND COMPROMISE SETTLEMENT

This cause came on this day for hearing before this Court, on the sworn Petition for Approval of Third Party and Compromise Settlement of Plaintiffs Melissa L. Cobb, Legal Heirs and Next Friends of Joseph Lee, deceased for and on Behalf of Themselves and All Other Wrongful Death Beneficiaries of Joseph Lee, deceased, (hereinafter "Plaintiffs"), seeking authority for and approval of a compromise settlement as set out in said Petition. The Petition was joined by Mr. Lee's Employer, Associated General Contractors of Mississippi, Inc., the workers' compensation Carrier for 96 Enterprises, LLC, employer and insureds under the Associated General Contractors of Mississippi, Inc. policy, (Also referred to as "Employer and Carrier") and by the Defendants, Luis Rivera and

AKCA, Inc. whose liability insurance carrier is Zurich American Insurance Company (also referred to as "Defendants").

The Court finds that Plaintiffs have asserted a claim against the Defendants on account of the injuries and death of Mr. Lee on September 20, 2017, as a result of said motor vehicle accident. Employer and Carrier, pursuant to the Mississippi Workers' Compensation Act, have also asserted a claim against Defendants for recovery of sums which they have expended for Mississippi workers' compensation death benefits paid as a result of Mr. Lee's injuries and death. In accordance with the provisions of the Mississippi Workers' Compensation Act, the Employer, by and through its workers' compensation insurance carrier, Associated General Contractors of Mississippi, Inc., has provided workers' compensation death benefits in accordance with the Act totaling $66,532.18. Pursuant to MISS. CODE ANN. § 71-3-71, Employer and Carrier have a right of subrogation against Defendants for the full amount of workers' compensation death benefits paid.

The Court further finds that Plaintiff, Employer and Carrier, and Defendants have negotiated a compromise settlement of all claims as follows: the Plaintiffs have agreed to accept, and Defendants have agreed to pay the sum of Two Hundred Twenty-Five Thousand and No Cents ($225,000.00) to Plaintiffs in complete compromise and settlement of any and claims and demands of the Plaintiffs against the Defendants and all other parties in privity with them. Further, Associated General Contractors of Mississippi, Inc. is to be reimbursed from the proceeds the amount of Twenty-Two Thousand Two Hundred Sixty-Eight Dollars and Thirty-Three Cents ($22,268.33) for its subrogation lien and will accept the amount stated in from Zurich American Insurance Company, the insurer of the Defendants, in complete compromise and settlement of its workers' compensation lien and to release Defendants, and their insurer from any and all further liability involving this matter. As a material condition herein, Plaintiffs will also release Associated General Contractors of Mississippi, Inc., and

the Employer (hereinafter "Employer and Carrier"), and its insureds from any further payments and the workers' compensation case which is pending before the Mississippi Compensation Commission will be dismissed with prejudice. Said settlement shall represent (1) a compromise settlement of any and all claims and demands which Plaintiffs might have against Defendants for any and all claims of every nature under any theory of law whatsoever; (2) a full and final compromise, accord and settlement of any and all claims and demands which Plaintiffs might have against Employer and Carrier for any and all claims under the provisions of the Mississippi Workers' Compensation Act, or otherwise, past, present or future, known or unknown, with the full and complete understanding that said settlement will relieve Employer and Carrier from any and all further liability under the Mississippi Workers' Compensation Law, either by compensation or medical, or penalties, if any, that may occur or come into being subsequent to the date of the order to be rendered herein, and that after the date of the Order, Employer and Carrier will be totally and completely discharged from any further liability herein; and (3) a compromise settlement of any and all claims which Employer and Carrier might have against Defendants. In return for the above-stated consideration, Plaintiffs have agreed to execute a full and complete release in favor of Defendants for any and all claims of every nature, whether known or unknown, which Plaintiffs might have or hereafter have against Defendants, and Plaintiffs have also agreed to execute a full and complete release in favor of Employer and Carrier releasing them from any and all claims which Plaintiffs have or might hereafter have against Employer and Carrier for Mississippi workers' compensation benefits, or otherwise.

The Court has examined the Petition and the compromise settlement proposed therein; has determined that Plaintiffs are represented by competent legal counsel and are fully advised in the premises; and the Court is of the opinion that the proposed settlement is just, fair and equitable, is in the Plaintiff's best interest, and that the prayer of the Petition should be granted.

The Court finds that the settlement is subject to the approval of this Court as set forth in MISS. CODE ANN. § 71-3-71 (1972).

The Court further finds that Plaintiffs have employed Raju Aundré Branson, Esq., with Schwartz & Associates, P.A., as their personal attorney and representative and has counseled with said attorney as to all matters pertinent to this claim. Plaintiffs and their attorney agree that this settlement as proposed would be, all things considered, in the best interest of Plaintiffs. Plaintiffs' attorney has rendered the usual services and is entitled to a reasonable fee as provided by law, and Plaintiffs requests authority to pay this fee out of the proceeds of this settlement. Plaintiffs and their attorney affirmatively state that said attorney is the only and exclusive attorney for Plaintiffs in this matter.

IT IS, THEREFORE, ORDERED that the proposed settlement be, and the same is hereby, approved as being in the best interest of Plaintiffs and that upon consummation of this settlement, Defendants be, and it is hereby, fully, finally, and forever acquitted and discharged from any and all liability to Plaintiffs on account of all personal injuries sustained by Mr. Lee in this accident and from all liability to Employer and Carrier on account of the aforesaid subrogation rights.

IT IS FURTHER ORDERED that Employer and Carrier be, and they are hereby, fully and forever acquitted and discharged from any further or other liability for compensation benefits, medical expenses, or otherwise, to Plaintiffs for the death of Mr. Lee.

IT IS FURTHER ORDERED that Plaintiffs be, and they are hereby authorized and empowered to execute and deliver such full and final releases and acquittances which Defendants and Employer and Carrier may require evidencing their complete release in the premises.

IT IS FURTHER ORDERED that Employer and Carrier be, and they are hereby authorized and empowered to execute and deliver such full and final releases and acquittances which Defendants may require to evidence their full release of all subrogation rights.

Plaintiffs is authorized to pay to Raju Aundré Branson, Esq., with Schwartz & Associates, P.A., their attorney, a reasonable fee as provided by law out of the proceeds of this settlement and as set forth herein.

ALL OF WHICH IS SO ORDERED, this the 21st day of September, 2022.

_____
UNITED STATES DISTRICT COURT JUDGE

APPROVED AND AGREED:

/s/ Raju Aundre Branson
_____
Raju Aundré Branson, MSB #99950
Schwartz & Associates, P.A.
Post Office Box 3949
Jackson, Mississippi 39207-3949
(601) 988-8888
(601) 948-3822 (facsimile)
abranson@1call.org
*Attorney for Crystal Lee and Rose Marie Buie, natural mother, legal guardian, and adult next of friend of Christopher Lee, a minor, son and dependent of Joseph Lee, deceased*


/s/ Catherine B. Bell
_____
Catherine B. Bell, MSB# 103681
McAngus Goudelock and Courie
Post Office Box 2955
1020 Highland Colony Parkway, Suite 706 (39157)
Ridgeland, Mississippi 39158
(601) 427-7514
(601) 510-9525 (facsimile)
cbell@mgclaw.com
*Attorney for Employer and Carrier*

_____/s/ Roy A. Smith_____
Roy A. Smith, Jr., MSB # 7599
Daniel Coker Horton & Bell, P.A.
440 Old Canton Road, Suite 400
Post Office Box 1084
Jackson, Mississippi 39215-1084
(601) 969-7607
(601) 969-1116
rsmith@danielcoker.com
*Attorney for Third Parties*

Civil Action No. 3:20-cv-00061-CWR-LGI